# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE JANINE DUPERRET, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> MATTHEW CATE, ) <br> ) <br> Respondent. ) | 1:09-cv-00151 LJO MJS HC <br><br> FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS <br><br> [Doc. 11] |

Petitioner is currently on state probation and proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Matthew Cate[1], is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

**I.   BACKGROUND**

Petitioner pled guilty to and was convicted in the Superior Court of California, County of Tuolumne, of child custody deprivation in violation of Cal. Penal Code § 278 and 278.5. (See

---

[1] As stated by Respondent in his motion to dismiss, Matthew Cate is currently the Secretary of the California Department of Corrections and Rehabilitation, the agency in charge of Petitioner's custody; therefore, Matthew Cate is hereby substituted for the People of the State of California as the respondent in this matter pursuant to Fed. R. Civ. Proc. § 25(d)(1).

Pet. (Doc. 1) p. 189.) On November 20, 2006, she was placed on five years probation with the California Department of Corrections and Rehabilitation. (Id.)

Petitioner filed three post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. <u>Tuolumne County Superior Court</u>
   Filed: August 20, 2007[2];
   Denied: October 10, 2007;

2. <u>California Court of Appeals, Fifth Appellate District</u>
   Filed: October 23, 2007[3];
   Denied: March 6, 2008;

3. <u>California Supreme Court</u>
   Filed: March 13, 2008[4];
   Denied: April 9, 2008;

See LD Nos. 1-6.[5]

On January 22, 2009,[6] Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On December 7, 2009, Respondent filed a motion to dismiss the petition as untimely, i.e., filed outside the one-year limitations period prescribed by 28

---

[2] In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* <u>Houston</u>, 487 U.S. at 276. <u>See</u> also Rule 3(d) of the Rules Governing Section 2254 Cases. Therefore under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed her petition to prison authorities for mailing. In the instant case, the Petitioner is not in the custody of a prison, however, Respondent afforded Petitioner the benefit of the early filing under the mailbox rule. As held below, even if Petitioner is given the benefit of the mail box rule with regard to her state petitions, the present petition was not filed within the one year statute of limitations.

Petitioner's first state petition was filed on August 22, 2008. However, assuming the Petitioner is granted the benefit of the mailbox rule, the Court will consider the petition filed on August 20, 2007, the date Petitioner signed the petition.

[3] Although the petition was filed on October 25, 2007, assuming the Petitioner is granted the benefit of the mailbox rule, the Court will consider the petition filed on October 23, 2007, the date Petitioner signed the petition.

[4] Although the petition was filed on March 15, 2008, assuming the Petitioner is granted the benefit of the mailbox rule, the Court will consider the petition filed on April 9, 2008, the date Petitioner signed the petition.

[5] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[6] Although the petition was filed on January 26, 2009, assuming the Petitioner is granted the benefit of the mailbox rule, the Court will consider the petition filed on January 22, 2009, the date Petitioner signed the petition.

U.S.C. § 2244(d). Petitioner filed an opposition to Respondent's motion to dismiss on January 7, 2010. On January 21, 2010, Respondent filed a reply to Petitioner's opposition.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Court of Appeals for the Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a failure to meet the one-year limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion is essentially a motion to dismiss for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on January 22, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. Petitioner did not appeal her November 20, 2006 sentence. Accordingly, her conviction became final 60 days later on January 19, 2007. Cal. R. Ct. 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Thus, Petitioner would have one year from January 19, 2007, absent applicable tolling, in which to file her federal petition for writ of habeas corpus. However, Petitioner delayed filing the instant petition until January 22, 2009, more than one year after the statute of limitations expired. Absent tolling, the instant petition is barred by the statute of limitations.

**C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the United States Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

       1.    Petitioner's First State Petition was Determined by the State Court to be Untimely

Respondent contends that Petitioner's first state petition was untimely and therefore is not entitled to statutory tolling. (Mot. to Dismiss (Doc. 11) pp. 4-5.) The Court agrees.

In reviewing habeas petitions originating from California, the United States Court of Appeals for the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans, the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 546 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (*quoting* Pace, 544 U.S. at 414); see also Carey, 536 U.S. at 226.

///

Under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must determine first whether the state court denied Petitioner's habeas applications as untimely. If so, the petition was never properly filed and Petitioner would not be entitled to tolling under § 2244(d)(2). Bonner, 425 F.3d at 1148-1149.

In its decision denying the first state petition, the California Superior Court of Tuolumne County indicated that "Petitioner does not show her delay was justified by the recent discovery of new legal or factual bases in support of her claim, or that her claim falls within an exception to the timeliness bar." (LD No. 2, pp. 2-3.) The court noted that Petitioner had waited ten months from the time the court accepted petitioner's plea agreement to the filing of her petition. (Id., p. 2.) The court also referenced the fact that the petition was not filed until after Petitioner learned that the restitution sought was in excess of $20,000.00 and that Petitioner was content with the plea agreement, but unhappy with the prospect of owing substantial restitution. (Id.) In support of its finding that the first petition was untimely, the court cited In re Clark, 5 Cal. 4th 750, 765, n. 5 (1993), and In re Robbins, 18 Cal. 4th 770, 780 (1998), both of which stand for the proposition that untimely petitions will not be permitted. (LD No. 6, p. 2.)

A habeas petition rejected by the state court as untimely is not "properly filed" for purposes of AEDPA tolling. Pace, 544 U.S. at 414-415; Bonner, 425 F.3d at 1149.  Only "properly filed" state petitions are entitled to AEDPA tolling. 28 U.S.C. § 2244(d)(2). Petitioner's first state petition does not toll the one-year statute of limitations.

        2.      <u>Petitioner's Second and Third Petitions do not Toll the Limitations Period</u>

Respondent next contends that the second and third petitions, along with the intervals separating them, are not entitled to statutory tolling. Again, the Court agrees.

The "summary denials" by both the California Court of Appeals, Fifth Appellate District and the California Supreme Court require that this Court employ the "look through" doctrine of Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). In reviewing a state court's summary denial of a habeas petition, the federal court must "look through" a summary disposition to the last reasoned decision. Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005); Shackleford v.

1   Hubbard, 234 F.3d 1072, 1079 n. 2 (*citing* Ylst).

2   　　　The last reasoned state decision was the Tuolumne County Superior Court's denial of
3   the first petition as untimely. (LD No. 2.) Thus, this Court must presume that  in their summary
4   denials of both the second and third petitions, the California Court of Appeals, Fifth Appellate
5   District and the California Supreme Court based their decision on the same grounds as the
6   Tuolumne County Superior Court, i.e., untimeliness. Ylst, 501 U.S. at 803. That being the
7   case, neither the second nor third petitions were "properly filed" so as to entitle Petitioner to
8   statutory tolling because they were denied as being untimely. Pace, 544 U.S. at 414-415;
9   Bonner, 425 F.3d at 1149. Additionally, the intervals preceding the second and third petitions
10  are not entitled to interval tolling. Carey, 536 U.S. at 225-226.

11  　　　Petitioner is not entitled to any statutory tolling for either the pendency of her three state
12  petitions or for the intervals separating them. Accordingly, the one-year limitations period ran
13  unabated from January 19, 2007 to January 20, 2008, when it expired. The instant petition
14  was not filed until January 22, 2009, over a year after that date.

15  　　　(It is noted that even if the state court petitions had been timely filed and Petitioner were
16  given the benefit of tolling during their pendency, the statute of limitations still would have
17  expired prior to the filing of her federal petition. As stated, the statute of limitations began to
18  run  January 19, 2007, and expired January 19, 2008.  Petitioner filed her first state habeas
19  petition on August 20, 2007.  At that point, 213 days of the limitations period had elapsed. If
20  the initial and successive petitions had been properly filed and the periods during and between
21  them tolled until the denial of the third petition on April 9, 2008,  152 days of the 365 day
22  limitations period would have remained and expired on September 8, 2008.  The instant
23  federal petition was filed January 22, 2009, over three months later.  It would have been
24  untimely even if Petitioner had been given the benefit of statutory tolling.)

25  　　　Petitioner's opposition to the motion to dismiss does not dispute the chronology set forth
26  by Respondent in the motion to dismiss, nor does she dispute the reasoning of the state court
27  decisions denying her petitions. Thus, the Court will evaluate whether she is entitled to
28  equitable tolling.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner does not provide information regarding any extraordinary circumstance that prevented her timely filing of the present petition. Accordingly, the Court finds no reason to equitably toll the limitations period.

### E. Actual Innocence Claim

In Petitioner's opposition to the motion to dismiss, she repeatedly states that she is innocent of the underlying crime. (Opp'n. (Doc. 14.)) The federal courts have duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). Accordingly, this Court shall consider if Petitioner's claim of actual innocence acts as an exception to the one year statute of limitations.

"Under Schlup v. Delo, 513 U.S. 298 (1995), a petitioner's otherwise-barred claims [may be] considered on the merits... if his claim of actual innocense is sufficient to bring him within the narrow class of cases... implicating a fundamental miscarriage of justice." Majoy v. Roe, 296 F.3d 770, 775 (quoting Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (en banc) (quoting Schlup, 513 U.S. 298) (quotations omitted). In order to pass through Schlup's gateway, and have an otherwise barred constitutional claim heard on the merits, a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Majoy, 296 F.3d 775-776 (quoting Schlup, 513 U.S. at 327).

Neither the Supreme Court nor the Ninth Circuit has addressed whether a habeas

1  petitioner's demonstration of probable innocence may excuse her noncompliance with the
2  AEDPA statute of limitations. See Majoy, 296 F.3d at 776 (declining to answer whether
3  "surviving the rigors of this gateway [under Schlup] has the consequence of overriding
4  AEDPA's one-year statute of limitation").

5  However, at least one district court in California has held that such a demonstration may
6  excuse a habeas petitioner's untimeliness. See Lisker v. Knowles, 463 F. Supp. 2d 1008, 1032
7  (C.D. Cal. 2006). See also Johnson v. Knowles, 541 F.3d 933 (9th Cir. 2008) (the
8  "fundamental miscarriage of justice" exception does not excuse an untimely habeas petition
9  where the petitioner has conceded guilt). In this case, even assuming that the AEDPA
10  one-year statute of limitations is subject to the "fundamental miscarriage of justice" exception,
11  petitioner has not met her burden of demonstrating the requisite "actual innocence."

12  In order for barred claims to pass through "Schlup's gateway," Petitioner must establish
13  his factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United
14  States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Jaramillo v. Stewart,
15  340 F.3d 877, 882-83 (9th Cir. 2003). A petitioner's claim of actual innocence must be
16  supported "with new reliable evidence--whether it be exculpatory scientific evidence,
17  trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."
18  Schlup, 513 U.S. at 324.

19  Here, Petitioner has not offered any new evidence to support her challenge to her guilty
20  plea for child custody deprivation.  Petitioner asserts various grounds as to why she believes
21  she is actually innocent of the crime to which she plead guilty, including, but not limited to,
22  ineffective assistance of counsel, lack of access to sealed fraudulent documents, denial of due
23  process, inability to allow witnesses to testify at trial, deception in entering into plea bargain,
24  and improper conduct on behalf of the district attorney and trial court. (Pet.) Petitioner repeats
25  many of the same arguments regarding her innocence in her opposition to the motion to
26  dismiss. (Opp'n.) Petitioner attaches several documents to her opposition, but the only new
27  information is a letter from the Tuolumne County District Attorney denying a  records request.
28  (Id. at 12-13.) Neither Pettioner's federal petition and nor her opposition to the motion to

dismiss contain new detailed factual information regarding her innocence as required under Schlup. 513 U.S. at 324.

Petitioner's conclusory arguments and speculations do not satisfy the Schlup standard. See, e.g., Martinez v. Clark, No. CV 09-2031 SGL (RNB), 2009 U.S. Dist. LEXIS 52668, 2009 WL 1788402 at *5 (C.D. Cal. June 23, 2009) (in the few cases habeas petitioners have been able to meet the Schlup standard, the "new evidence" consisted of "credible evidence that the petitioner had a solid alibi for the time of the crime, numerous exonerating eyewitness accounts of the crime, DNA evidence excluding the petitioner and identifying another potential perpetrator, a credible confession by a likely suspect explaining that he had framed the petitioner, and/or evidence contradicting the very premise of the prosecutor's case against the petitioner.") As Petitioner has not provided reliable evidence in support of her alleged innocence, she is not entitled to an exception from the statute of limitations.

The court declines to hold an evidentiary hearing on petitioner's "actual innocence" claim because she has failed to demonstrate that she might be able "to muster a plausible factual case meeting the exacting gateway standard established by the Supreme Court in Schlup for overriding a petitioner's clear failure to meet deadlines and requirements for filing a timely petition in federal court." Majoy, 296 F.3d at 775.

F.  Conclusion

Under the AEDPA, the statute of limitations began to run for Petitioner on January 19, 2007. Petitioner is not entitled to any statutory tolling based on state filings under 28 U.S.C. § 2244(d)(2) because her state petitions were not properly filed. Petitioner is not entitled to equitable tolling.  Finally, Petitioner has not shown actual innocence and is not entitled to an exception to the statute of limitations based upon a showing of innocense.  The statute of limitations expired on January 19, 2008.  The instant petition was filed over a year later. It should be dismissed as untimely.

In summary, for the reasons discussed above, respondent's motion to dismiss should be granted, and Petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  June 29, 2010         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE